EVANS v. ROGERS.

(Supreme Court, Appellate Term, First Department.    June 26, 1916.)

EVIDENCE ⊛⟶354(10)—BOOK ENTRY—FOUNDATION.

In an action for goods sold defendant, saleslady and manager of the "Lillian Rogers Company, Incorporated," defendant's name, entries in plaintiff's books of goods charged to defendant individually, not shown to have been correctly made at or near the time of the transactions, were inadmissible in evidence, over defendant's objection, being merely self-serving declarations as offered.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1453, 1455; Dec. Dig. ⊛⟶354(10).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William L. Evans against Lillian Rogers. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Joseph Rubin, of New York City, for appellant.

Russel W. Leary, of New York City, for respondent.

PER CURIAM. This action was brought to recover for goods sold to the defendant, and the only question at issue was whether credit was given to the defendant individually, or to a corporation known as the "Lillian Rogers Company, Incorporated," of which the defendant was the saleslady and manager.

The plaintiff on his direct examination testified on October 2, 1913, the defendant came to his store and ordered goods to the amount of $63, which were shipped to her, and that this was the beginning of the transactions between the parties. At first he said that there was not much said about credit, but, upon being asked the direct question by his attorney as to what was said, he replied that he asked defendant to whom he should charge the goods, and she said, "To me." Upon cross-examination he was asked:

"Q. Where do you say this account was opened? A. In Miss Rogers' store at West Forty-Fourth street."

He further testified that he procured the first order of her at this store, and that the obtaining of the first order was the beginning of the transactions between the parties. There was some unsatisfactory testimony given by an employé of the plaintiff, who kept what he called a "sales book," in which some entries were made by him, and which was marked for identification, but was not offered in evidence, and does not appear in the record. Plaintiff also offered in evidence numerous receipts for the delivery of goods at the store in Forty-Fourth street, which were signed by the defendant, and also several letters, signed by defendant, in which she stated in substance that she was unable to meet the indebtedness at present, but would later on.

Near the close of the trial the plaintiff put his bookkeeper upon the stand and produced his books, and reference was made to several

pages of entries of goods charged to the defendant. These entries were offered and received in evidence for the purpose of showing that the goods were charged to the defendant, and not to the corporation. The admission of these entries was objected to by defendant, and they were admitted over such objections. The defendant showed that the corporation was organized in 1911, and had filed its certificate for doing business in this county; that there were large signs upon the door of the store and on the windows at Forty-Fourth street, with the name of the company thereon; that when the defendant made the first purchase of plaintiff she told him that she was buying for the company of which she was the manager; that all the checks, of which there were many, were given by the company, with her name signed as president and treasurer; that all the checks so given had printed across the ends the name of the Lillian Rogers Company; that all the letters written by her to the plaintiff were written upon the letter heads of the company; and that she owned but 2 shares of stock in the company —the entire stock being 100 shares.

There was no foundation laid for the introduction of the entries in the books of the plaintiff. They were not shown to have been correctly made, or made at or near the time of the transactions, and were merely self-serving declarations as offered, and their reception in evidence over the objection of the defendant was error. There must be a new trial.

Judgment reversed, and a new trial ordered, with $30 costs to appellant to abide the event.